Zhu v. Holder

BIA
A078 195 863

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand thirteen.

PRESENT:
>       PIERRE N. LEVAL,
>       JOSÉ A. CABRANES,
>       ROBERT D. SACK,
>           *Circuit Judges.*

_____

JIAN WEI ZHU,
>       *Petitioner,*

      v.                            12-1823
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Troy Nader Moslemi, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Richard M. Evans, Assistant Director; Virginia Lum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jian Wei Zhu, a native and citizen of the People's Republic of China, seeks review of the April 17, 2012 decision of the BIA denying his motion to reopen. *In re Jian Wei Zhu*, No. A078 195 863 (B.I.A. Apr. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Zhu's motion to reopen as untimely and number barred was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhu's 2012 motion was untimely, as his final administrative order was issued in 2007, and he had previously filed two other motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation does not apply

to a motion to reopen if it is "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Here, the BIA did not abuse its discretion in declining to reopen Zhu's proceedings because he failed to submit a new asylum application with his motion, and Zhu does not challenge this dispositive finding in his brief to this Court. Pursuant to 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief." The agency's interpretations of its own regulations are accorded "substantial deference," *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 178 (2d Cir. 2006) (citations omitted), "unless it is plainly erroneous or inconsistent with the regulation . . . or inconsistent with the agency's previous interpretation," *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 262 (2d Cir. 2006) (citations omitted). Because the plain language of 8 C.F.R. § 1003.2(c)(1) provides that

3

a motion to reopen "*must* be accompanied by the appropriate application for relief," 8 C.F.R. § 1003.2(c)(1) (emphasis added), we do not conclude that the BIA erred by denying Zhu's motion because he failed to file an asylum application based on his new religion claim. *See Joaquin-Porras*, 435 F.3d at 178.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4